97 F.3d 1458
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wilfredo Adolfo AGUIRRE-CAMPOS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70050.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 23, 1996.*
Decided Sept. 27, 1996.
 
 1
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Aoe-zdc-nrs.
 
 
 2
 B.I.A.
 
 
 3
 REVIEW DENIED.
 
 
 4
 Before: FLETCHER, BRUNETTI, and NOONAN, Circuit Judges
 
 
 5
 MEMORANDUM**
 
 
 6
 Wilfredo Adolfo Aguirre-Campos petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the order of an immigration judge ("IJ") denying his application for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("Act"), 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 7
 Because the BIA clearly incorporated the IJ's opinion, we review the IJ's decision. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). We review the factual findings underlying the BIA's denial of asylum under the substantial evidence standard. See Castillo v. INS, 951 F.2d 1117, 1120 (9th Cir.1991). The BIA's decision will be reversed only if the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).
 
 
 8
 To qualify for asylum, an applicant must demonstrate that he or she has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(a). Persecution is the infliction of suffering or harm upon those who differ in a way regarded as offensive. See Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988). If the applicant demonstrates past persecution, then future persecution is assumed, and the burden of proof shifts to the INS to show, by a preponderance of the evidence that country conditions have changed to such an extent that the applicant no longer has a well founded fear of persecution upon return to the country. See Singh v. Ilchert, 69 F.3d 375, 379 (9th Cir.1995) (per curiam).
 
 
 9
 To establish eligibility for asylum based upon a well-founded fear of persecution, the asylum applicant must show both a genuine subjective fear of persecution and an objectively reasonable fear. See Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). To qualify for withholding of deportation, an applicant must present evidence of a clear probability of persecution. See 8 U.S.C. § 1253(h).
 
 
 10
 Here, substantial evidence supports the IJ's determination that Aguirre-Campos did not suffer past persecution. In his asylum application, Aguirre-Campos stated that Enrique Jaime, a former Sandinista police officer, made two attempts on his life. In 1985, Jaime drove his jeep against Aguirre-Campos while he was crossing the street, and in 1986, Jaime arrested Aguirre-Campos and interrogated him at gunpoint about his activities in the labor union Confederation Syndical Confederation. These two instances, however, do not rise to the level of severity necessary to establish "past persecution" on account of one or more of the statutorily enumerated factors. See, e.g., Prasad v. INS, 47 F.3d 336, 339 (9th Cir.1995) (finding no past persecution where petitioner was arrested, hit, kicked, and detained for four to six hours); cf. Singh, 69 F.3d at 379 (finding that multiple arrests combined with beatings and torture constitute past persecution); Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir.1988) (finding that multiple arrests, severe beatings, and threats on the petitioner's life constituted past persecution).
 
 
 11
 Substantial evidence also supports the IJ's determination that Aguirre-Campos does not have a well-founded fear of persecution. Aguirre-Campos testified that he fears Jaime will kill him if he returns to Nicaragua. Aguirre-Campos, however, was not harmed or threatened by Jaime during the two years he remained in Nicaragua after his arrest in 1986. Accordingly, Aguirre-Campos failed to provide objective evidence to support his fear. See Castillo, 951 F.2d at 1122.
 
 
 12
 Aguirre-Campos also testified that he fears persecution in Nicaragua because his wife's ex-husband was a member in the National Guard while Samoza was in power and because his father was a member of the Nicaraguan Democratic Movement. Aguirre-Campos has provided no evidence that the Sandinistas harmed, threatened, or interrogated him because of the political activities of his father or his wife's former husband. Because substantial evidence supports the IJ's finding that Aguirre-Campos failed to demonstrate either past persecution or a well-founded fear of persecution, the BIA did not err by denying his application for asylum. See Castillo, 951 F.2d at 1120.
 
 
 13
 In addition, because Aguirre-Campos failed to demonstrate a well-founded fear of persecution, he also failed to show a "clear probability of persecution," required for a grant of withholding of deportation. See Estrada-Posadas, 924 F.2d at 920.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3